**YAN MING GAO, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0074–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Feng Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Nancy E. Friedman, Senior Litigation Counsel; Sada Manickam, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Yan Ming Gao, a native and citizen of the People's Republic of China, seeks review of a December 18, 2007 order of the BIA affirming the February 14, 2006 decision of Immigration Judge ("IJ") Brigitte Laforest denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Ming Gao,* No. A95 918 692 (B.I.A. Dec. 18, 2007), *aff'g* No. A95 918 692 (Immig. Ct. N.Y. City, Feb. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a decision adopting the IJ's decision and supplementing that decision, we review the underlying IJ decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, we find no error in the agency's denial of relief because the IJ's adverse credibility determination was supported by substantial evidence. After observing Gao's testimony throughout the hearing, the IJ concluded that it was evasive and non-responsive. While the IJ did not provide specific examples in her decision, we afford an IJ's assessment of demeanor particular deference. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *cf. Li Hua Lin v. U.S. Dep't of Justice,* 453

F.3d 99, 109 (2d Cir.2006) (finding that the Court can be "more confident in [its] review of observations about an applicant's demeanor where. ... they are supported by specific examples of inconsistent testimony").

In addition, the IJ properly found that Gao's testimony was inconsistent with the documentary evidence she provided. While Gao testified that the police did not arrest the people who she named as being Falun Gong practitioners, her mother's letter indicates that they were arrested with her. While Gao offers a different interpretation of the meaning of her mother's letter, we are not compelled to find that the IJ's interpretation was erroneous. *Cf. Siewe v. Gonzales,* 480 F.3d 160, 168 (2d Cir.2007).

The IJ also found adverse to Gao's credibility the similarity of the language used by both Gao and her mother in their description of Gao's mother's arrest and the subsequent attempts by Gao and her father to visit. *See Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (finding that the BIA did not err in considering the identical language of affidavits from two different people, among other facts, in making an adverse credibility finding); *see also Mei Chai Ye v. U.S. Dept. of Justice,* 489 F.3d 517 (2d Cir.2007). While Gao explained the similarity by stating that she and her mother had discussed the incident, the IJ was not compelled to credit that explanation. *See Majidi,* 430 F.3d at 81.

Having identified these inconsistencies in Gao's testimony, the IJ was entitled to rely on their cumulative effect to conclude that Gao was not credible. *See Chen v. U.S. Attorney General,* 454 F.3d 103, 106–07 (2d Cir.2006). Accordingly, the IJ properly denied Gao's application for asylum.

Because Gao's withholding of removal claim and CAT claims were premised on the same set of facts that the IJ found insufficient to establish her eligibility for asylum, the agency's denial of withholding was also proper.[1] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Yang v. U.S. Dept. of Justice,* 426 F.3d 520 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Gao has waived any claim based on her alleged illegal departure from China. *See*

*Zhang v. Gonzales,* 426 F.3d 540 (2d Cir. 2005).